RAMSEY BRUNER v. STATE.
No. A-4408.    Opinion Filed April 7, 1924.
(224 Pac. 555.)

(Syllabus.)

1. **Forgery—Information Held to State Offense.** An averment in an information that the accused obtained valuable merchandise by means of a false and forged order executed and delivered by him for that purpose sufficiently states an offense under the provisions of section 2078, Compiled Statutes 1921.

2. **Same—Evidence Sustaining Conviction.** The forged instrument itself, amplified by oral testimony explaining its import and the purpose of its execution, is sufficient to support the verdict.

Appeal from District Court, Seminole County; John L. Coffman, Judge.

Ramsey Bruner was convicted of forgery in the second degree, and he appeals. Affirmed.

C. L. Hill, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. The errors complained of in this appeal all grow out of two principal assignments of error: First, that the information, the sufficiency of which was challenged in the court below, does not state facts sufficient to constitute the crime of forgery or any crime; second, that the proof does not support the verdict.

The information charged that the accused forged a certain order for the extension of credit and delivery of goods, with the fraudulent intent to defraud and swindle the person upon whom the purported order was drawn. The accused was a negro who claimed to have had an arrangement with another negro who worked on the section to work for him; the name forged to the purported order was that of the section foreman; and the person upon whom the purported order was drawn was a merchant. This written order was in words and figures as follows:

"Hazel, Okla., Aug. 29, 1921. Mr. Milsap let Garfield Wilson have a shirt and a pance so that is all. Joe Earl."

It appears that Garfield Wilson had been working on the section, and by agreement this defendant was to take his place and work for him for a few days. The order above set out was presented at the Milsap store by the accused and accepted by the manager and goods delivered to the accused to the value of $15.

The defendant took the stand in his own behalf, and admitted that he drew the order without the knowledge or consent of Joe Earl, the section foreman; admitted that he took the order to the Milsap store and obtained the goods; but claims that he did this without any purpose or design of cheating or defrauding any one; that he had permission from Garfield Wilson to do this, and expected that Milsap & Co. would be paid out of wages earned and to be earned by Garfield Wilson and himself.

As to the sufficiency of the information we hold that the order above set out is an "evidence of debt or the engagement for the payment of money upon a contingency," within the meaning of the statute upon which this prosecution was predicated (section 2078, Comp. Stat. 1921), and that the information was sufficient.

Upon the question of the sufficiency of the evidence the defendant himself admitted that he had no authority from Joe Earl to draw this order; admitted that neither Joe Earl nor the railroad company owed him anything at the time the order was drawn. Other circumstances in the case indicate that the order was forged and delivered with felonious intent on the part of the defendant.

Having reached this conclusion it will be unnecessary to notice the other assignments of error urged, all of which hinge on these two.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.